MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
Shannon Nakabayashi, Bar No. 215469
Maureen N. Beckley, Bar No. 316754
One Market Spear Street Tower
San Francisco, California 94105-1596
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001
eric.meckley@morganlewis.com
shannon.nakabayashi@morganlewis.com
maureen.beckley@morganlewis.com

Attorneys for Defendant
CATTLECAR OF DELAWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MARTIN, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>CATTLECAR OF DELAWARE, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00769<br><br>**DEFENDANT CATTLECAR OF DELAWARE, INC.'S NOTICE OF REMOVAL OF ACTION**<br><br>**[28 U.S.C. §§ 1332(a), 1441, 1446]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

DB2/ 32635877.1

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ERICA MARTIN AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Cattlecar of Delaware, Inc. ("Defendant" or "Cattlecar") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over Plaintiff Erica Martin ("Plaintiff" or "Martin") under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

## I.   SUMMARY OF THE COMPLAINT

1.   On December 26, 2017, Plaintiff commenced this action in the Superior Court of the State of California, County of Alameda, entitled *Erica Martin v. Cattlecar of Delaware, Inc. a Delaware corporation, and DOES 1 through 10, inclusive*, Case Number HG 17887336 ("Complaint"), against Defendant. A true and correct copy of the Complaint, Civil Cover Sheet, and Summons are attached as **Exhibit A**.

2.   Plaintiff's Complaint alleges causes of action for: (1) failure to provide meal and rest periods or compensation in lieu thereof in violation of Labor Code §§ 226.7 and 512 and Industrial Welfare Commission Occupational Wage Order 7-2001; (2) knowing and intentional failure to comply with itemized employee wage statement provisions in violation of Labor Code § 226(a),(e); (3) failure to timely pay wages due at termination in violation of Labor Code §§ 201-203; (4) failure to pay wages in violation of Labor Code §§ 510, 1194; (5) violation of Business and Professions Code § 17200; and (6) penalties pursuant to Labor Code § 2699(f) for violations of Labor Code §§ 226(a),(e), 201-203, 226.7, 512, 512, and 1194.

3.   On February 2, 2018, Defendant filed its answer to the Complaint in state court. A true and correct copy of Defendant's Answer is attached as **Exhibit B**.

## II.   THE REMOVAL IS TIMELY

4.   On January 6, 2018, Plaintiff served the Summons, Civil Case Cover Sheet,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

1

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

Complaint, and Exhibit A upon the registered agent for Defendant by process server.

5.      This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453 and Fed. R. Civ Proc. 6(a)(1) (removal is timely if filed within thirty (30) days of service of the Summons, Civil Case Cover Sheet, and Complaint upon the Defendant).

6.      The Complaint, Civil Cover Sheet, Summons, and Defendant's Answer (all attached hereto as **Exhibits A and B**) constitute all process, pleadings, and orders that have been filed in this action.

7.      This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a), and this matter may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(a) and (b) in that (i) the amount in controversy as to Plaintiff exceeds $75,000, exclusive of interest and costs, (ii) the action involves citizens of different States, and (iii) no properly joined defendant is a citizen of California.

### III.  THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BECAUSE THERE IS COMPLETE DIVERSITY AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

#### A.  Complete Diversity of Citizenship Exists

8.      Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Cattlecar because Plaintiff and Cattlecar are citizens of different states.

##### 1.  Plaintiff is A Citizen of California

9.      "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011).

10.     In her Complaint, Plaintiff alleges that "Martin is a resident of Riverbank, California. At all times relevant herein, she was employed by Defendants in Livermore, California." Exh. A, Complaint ¶ 7. Thus, the Complaint itself establishes that Plaintiff is a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

2

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

1 resident of the State of California.

2     11.    According to Cattlecar, Plaintiff's home address when she worked at Dooney & Bourke, Inc. was in California. Plaintiff's payroll data reflects a permanent residence in the State of California. Finally, Plaintiff listed a California home address on her employment application. There are no documents in Plaintiff's personnel file that suggest that she is or has ever been a citizen of Connecticut or Delaware.

## 2.    Defendant Cattlecar of Delaware, Inc. is a Citizen of Delaware

12.    For diversity purposes, the citizenship of a limited liability company is determined by looking at the citizenship of each of its members. *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). A limited liability company's state of incorporation and principal place of business is irrelevant for purposes of determining diversity. *See Clair v. Zieve*, No. CV 14-4370, 2014 WL 8480450, *2 (C.D. Cal. June 18, 2014) (a limited liability company's "citizenship is determined by the citizenship of its members, not its state of incorporation or principal place of business").

13.    For diversity purposes, a corporation is a citizen of "the State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). The U.S. Supreme Court has held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the "nerve center" of the business. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). The Court further described the principal place of business as the "place where the corporation maintains its headquarters." *Id*.

14.    Cattlecar of Delaware, Inc. is, and was at the time of the institution of this action, a company formed under the laws of the State of Delaware with its principal place of business in Connecticut. Cattlecar of Delaware, Inc. is now and, at the time this action commenced, a corporation organized and existing under and by virtue of the laws of the Commonwealth of Delaware and has had its corporate headquarters and principal place of business in Connecticut. The majority and core executive and administrative functions of Cattlecar of Delaware, Inc. are in Connecticut. Cattlecar of Delaware, Inc.'s corporate headquarters are located in East Norwalk,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

3

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

Connecticut, and their corporate books and records are located there. Cattlecar of Delaware, Inc.'s executive officers work out of its corporate offices in Connecticut, and this is where the day-to-day control of the business is exercised. Cattlecar of Delaware, Inc. is not and has not been incorporated in California since the institution of this action and does not now have and never has had its headquarters, executive offices, or officers based in California.

15. As a result, Defendant is not now and was not at the time of the filing of the Complaint in this action, a citizen of California. Defendant is now and, at the time this action commenced, a citizen of Connecticut and Delaware.

### 3. Doe Defendants Are Irrelevant for Purposes of Removal

16. Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding disregarding the citizenship of defendants sued under fictitious names for removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove.

17. Therefore, complete diversity exists as set forth in 28 U.S.C. § 1441(b)(2) as "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

### B. The $75,000 Amount-In-Controversy Requirement Is Satisfied.

18. To establish diversity jurisdiction the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

19. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

4

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

20. Where, as here, Plaintiff has not plead in the Complaint the amount of damages that she seeks, the Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 & n. 4 (9th Cir. 2007); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. 28 U.S.C. § 1446(c)(2); *Lowdermilk*, 479 F.3d at 998; *Abrego Abrego*, 443 F.3d at 683. That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-12055 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

21. While Defendant here denies Plaintiff's factual allegations and further denies that she is entitled to any of the relief for which she has prayed, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

### 1.     **Plaintiff's Meal and Rest Break Claim**

22. Plaintiff alleges Defendant failed to provide her with meal periods and rest breaks. *See* Exh. A, Complaint ¶¶ 2, 11, 30. Plaintiff alleges that she is entitled to damages of one hour of pay at the regular rate of pay as provided for in Labor Code Section 226.7 for the alleged denial of meal periods and rest breaks. *Id.* at ¶ 29. The relevant time period is the four years prior to the date of the filing of the Complaint.

23. Assuming Defendant was lawfully required to provide such meal periods and rest breaks to Plaintiff, as is alleged in the Complaint, then Plaintiff could recover potentially a premium equal to one hour of pay for each meal period and rest break that purportedly was not provided. *See* Labor Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

24. As set forth above, during Plaintiff's employment with Defendant, Plaintiff's

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

5

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

1  annual salary was equivalent to an hourly rate of approximately $11.50 per hour and was paid on
2  a weekly basis for a total of 47 weeks. Assuming Defendant failed to provide Plaintiff with five
3  meal periods per week, Plaintiff could potentially recover $2,702.50 for her meal period claim
4  (five (5) meal period hours per week x forty-seven (47) weeks of employment x $11.5 hourly
5  rate). Assuming Defendant failed to provide Plaintiff with five rest periods per week, Plaintiff
6  could potentially recover $2,702.50 for her rest period claim. The total potential meal and rest
7  period premiums thus equal approximately **$5,405.00**.

### 2. Plaintiff's Inaccurate Wage Statement Claim

25. In her Second Cause of Action, Plaintiff seeks statutory penalties for the alleged failure to provide her with her wage statements in violation of California Labor Code § 226(a) and (e). Exh. A, Complaint ¶¶ 2, 12. Specifically, Plaintiff alleges that "[t]he wage statements provided to Plaintiff . . . fail to accurately itemize in wage statements accurate gross wages and net wages, and all applicable hourly rates in effect for Plaintiff . . . [and] fail to state the accurate overtime rate of Plaintiff." Exh. A, Complaint ¶ 36.

26. Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Cal. Labor Code Section 226(e). Such an award may be granted for each wage statement issued that fails to comply with Labor Code Section 226's requirements.

27. According to Plaintiff's theory, she would be entitled to no less than $50 for the first violation, plus $100 for each subsequent violation, for every pay period during the relevant time period whereas she allegedly did not receive an accurate statement of wages, subject to a maximum award of $4,000. There is a one-year statute of limitations on this claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, *6 (S.D. Cal. August 9, 2010).

28. Plaintiff seeks a penalty in the amount of $4,000.00. Plaintiff was paid on a weekly basis and was employed for a total of 47 weeks/pay periods. Based on Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

6

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

allegations, she claims to have been provided with an inaccurate wage statement 47 times and could potentially recover $4000.00 on her wage statement claim (1 x $50 [initial violation] + 46 x $100 [subsequent violations] = $4,650.00) (*see* Compl., Prayer for Relief).  Therefore, the amount in controversy for Plaintiff's individual failure to provide wage statements claim is **$4000.00.**

### 3. Plaintiff's Claim for Failure To Timely Pay Wages at Termination

29. In her Third Cause of Action, Plaintiff alleges that Defendant failed to pay her all wages owed within the time allowed under California Labor Code Section 203. *See* Exh. A, Complaint ¶¶ 2, 15, 39.  Accordingly, Plaintiff demands "30 days wages as a penalty under Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit." *Id.* at ¶ 42.

30. As a result, Plaintiff's Third Cause of Action puts at least another **$2,760.00** in controversy (eight (8) hours per work day x equivalent hourly rate of $11.50 per hour x thirty (30) days). *See, e.g., Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015) ("Since it is reasonable to assume a 100% violation rate for the rest break claim, then it is reasonable to further assume that 100% of the former employees would have had those unpaid rest break wages unlawfully withheld after their employment ended and still not paid up to the maximum 30–day period under the statute.")

### 4. Plaintiff's Claim for Failure To Pay Overtime

31. In her Fourth Cause of Action, Plaintiff alleges that Defendant failed to pay her all overtime wages due in violation of Labor Code §§510 and 1194. *See* Exh. A, Complaint ¶¶2, 44. Accordingly, Plaintiff demands restitution and recovery of all unpaid wages. *Id.*

32. Plaintiff does not allege the specific amount of overtime that she is owed. Assuming that Plaintiff worked and was not paid for three quarters (3/4) of an hour of overtime per day during her employment, Plaintiff could potentially recover **$3,040.31** for her overtime claim (3.75 hour per week x forty-seven (47) weeks of employment x $17.25 overtime rate (11.5 x 1.5).

### 5. Attorney's Fees

33. This is an alleged wage and hour action brought pursuant to California Labor Code

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

7

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

sections 226(a), 226.7, 201-203, 512, 510, and 1194, each of which provide for the award of attorneys' fees to a prevailing employee. Plaintiff seeks to recover attorneys' fees with respect to *each* of four causes of action – in other words, each claim separately authorizes the recovery of attorneys' fees. *See* Exh. A, Complaint ¶¶ 32, 36, 42, 45, Prayer for Relief.

34. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered for purposes of calculating the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, *a reasonable estimate of fees likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Hurd v. American Income Life Insurance*, 2013 WL 5575073 (C.D. Cal. Oct. 13, 2013) (allowing attorney's fees as part of amount in controversy where authorized by statute or contract); *Melendez v. HMS Host Family Restaurants, Inc.*, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

35. When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal. *Brady*, 243 F. Supp. 2d at 1010-11. For example, in *Simmons v. PCR Technology*, the court held that "[attorneys' fees] necessarily accrue until the action is resolved" and, thus, the Ninth Circuit [in *Galt*, *supra*] must have anticipated that district courts would project fees beyond removal." 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002). As such, the court in *Simmons* court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *See also Pulera v. F&B, Inc.*, 2008 U.S. Dist. LEXIS 7265, *14-15 (E.D. Cal. 2008) ("[w]hile the Ninth Circuit has not yet ruled on this issue, the preponderance of courts in this Circuit have agreed with the *Brady* approach" of "includ[ing] a reasonable estimate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

8

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

of the attorney's fees likely to be incurred," citing *Brady*, 243 F. Supp. 2d at 1010-11). In fact, the Ninth Circuit has implied that it will ultimately adopt the same rule. *See Guglielmino*, 506 F.3d at 700 (implying the propriety of including future attorneys' fees in determining amount in controversy, particularly where a plaintiff seeks such fees as allowed by an underlying statute).

36. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiffs counsel's hourly rate, and the number of hours counsel expects to spend on this case. *See Brady*, 243 F. Supp. 2d at 1011; *see also Lyon v. W. W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."). With respect to fee awards in similar cases, courts have recognized that "attorneys handling wage-and-hour cases typically spend *far more than 100 hours* on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010). Individual wage and hour cases (as opposed to putative class or representative action) often involve several hundred hours of work. *See, e.g., Cappuccio v. Pepperdine University*, Case. No. 13-cv-3125-DSF-AJWx (C.D. Cal. Sept. 29, 2014), Dkt. No. 81-1 at ¶¶7, 9 (plaintiffs' counsel stated that they spent **506.9 hours** litigating a single plaintiff case for violations of the Fair Labor Standards Act); *Puerto, et al. v. Wild Oats Markets, Inc.*, BC359723, (L.A. Sup. Ct. Mar. 24, 2011), (in plaintiffs' Motion for Attorney's Fees and Costs, at 10:18-20, counsel for plaintiffs stated that they spent **1,250.74 hours** litigating a two-plaintiff overtime case).

37. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual wage and hour claims, based on Plaintiff's allegations and a comparison of similar individual wage and hour cases, is approximately 200 hours. The parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. Defendant anticipates filing a motion for summary judgment. Defendant anticipates deposing the Plaintiff. Defendant anticipates that Plaintiff's counsel will depose one or more Rule 30(b)(6) witnesses. Defendant anticipates that the Parties may have disputes regarding discovery that will involve the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

9

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

Parties briefing and arguing one or more discovery motions. Given the anticipated law and motion practice and the need for at least one case management conference appearance, Defendant anticipates there will be at least four court appearances, separate and apart from any pretrial and trial practice before the Court. Plaintiff also has requested a jury trial, which would extend the time necessary for any trial of Plaintiff's claims. Therefore, approximately 200 hours of attorney time is a conservative, and certainly reasonable, estimate of the number of attorney hours that can reasonably be anticipated through the resolution of this case. At a relatively conservative attorney billing rate of $450 an hour, 200 hours of attorney time equates with $90,000 in attorneys' fees that Plaintiff may recover.

38. Plaintiff's claims therefore more likely than not place at least **$105,205.31** in controversy, which exceeds the $75,000 jurisdictional requirement.

| Cause of Action | Amount in Controversy |
| --- | --- |
| Premiums for alleged failure to provide meal breaks | $2,702.50 |
| Premiums for alleged failure to provide rest breaks | $2,702.50 |
| Unpaid overtime | $3,040.31 |
| Penalties for alleged failure to provide accurate itemized wage statements | $4,000.00 |
| Penalties for alleged failure to pay all wages upon termination | $2,760.00 |
| Plaintiff's attorneys' fees | $90,000.00 |
| Total | $105,205.31 |

39. Accordingly, although Defendant denies Plaintiff's factual allegations and prayer for relief, the amount in controversy exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a).

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

40. As set forth above, this Notice of Removal is being timely filed within thirty days

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

10

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769

of service of the Summons, Civil Case Cover Sheet and Complaint upon Defendant.

41. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

42. Defendant has sought no similar relief.

43. The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1441 and 1446 have been met.

44. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § §1332(a), removal of this action is proper pursuant to 28 U.S.C. § 1441.

45. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present additional briefing and evidence (if applicable/necessary) and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant, desiring to remove this case to the United States District Court for the Northern District of California, prays that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated:  February 5, 2018                MORGAN, LEWIS & BOCKIUS LLP


By */s/ Eric Meckley*
   Eric Meckley
   Shannon Nakabayashi
   Maureen N. Beckley
   Attorneys for Defendant,
   CATTLECAR OF DELAWARE, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32635877.1

11

NOTICE OF REMOVAL
CASE NO. 3:18-CV-00769