# EXHIBIT A

**20627876**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| Roman Otkupman (CSBN: 249423) & Nidah Farishta (CSBN: 312360)<br>Otkupman Law Firm, ALC<br>28632 Roadside Dr. Suite 203<br>Agoura Hills, CA 91301 |
| TELEPHONE NO.: (818) 293-5623    FAX NO.: (888) 850-1310 |
| ATTORNEY FOR *(Name):* Erica Martin, et al. |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda |
| STREET ADDRESS: 24405 Amador Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Hayward, CA 94544 |
| BRANCH NAME: Hayward Hall of Justice |
| CASE NAME: Martin v. Cattlecar of Delaware, Inc. |

**FILED**
ALAMEDA COUNTY
DEC 26 2017
CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | HG17887336<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Violation of Lab. Codes §226.7; 512; 226(a),(e); 201-203; 510; 1194; 2699
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 20, 2017
Roman Otkupman
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]        CIVIL CASE COVER SHEET        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/ Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case Matter
      Writ–Other Limited Court Case Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic relations)*
      Sister State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Taxes
      Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-harassment)*
      Mechanics Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late Claim
      Other Civil Petition

20627875

Roman Otkupman, CSBN 249423
Roman@OLFLA.com
Nidah Farishta, CSBN 312360
Nidah@OLFLA.com
OTKUPMAN LAW FIRM, A LAW CORPORATION
28632 Roadside Drive, Suite 203
Agoura Hills, CA, 91301
Telephone: 818) 293-5623
Facsimile (888) 850-1310

Attorney for Plaintiff,
Erica Martin, on behalf of herself and all others similarly situated, and on behalf of the general public

FILED
ALAMEDA COUNTY
DEC 26 2017
CLERK OF THE SUPERIOR COURT
By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY ALAMEDA

| | |
|---|---|
| ERICA MARTIN, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CATTLECAR OF DELAWARE, INC., A Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. **HG 17887336**<br><br>**CLASS, COLLECTIVE AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PROVIDE MEAL AND REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7 AND 512; IWC WAGE ORDER 7-2001);<br><br>2. KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e));<br><br>3. FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION (LABOR CODE §§ 201-203);<br><br>4. FAILURE TO PAY WAGES IN VIOLATION OF LABOR CODE §§ 510, 1194;<br><br>5. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;<br><br>6. PENALTIES PURSUANT TO LABOR CODE SECTION 2699(f) FOR VIOLATIONS OF LABOR CODE § 226(a), (e), §§ 201-203, § 226.7, §512, §§ 510, 1194.<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, Erica Martin ("Plaintiff"), on behalf of herself and other "aggrieved employees" complains of Defendants as follows:

## I. INTRODUCTION

1. This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiff and certain individuals who are employed by, or were formerly employed by, CATTLECARE OF DELAWARE, INC., and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within California.

2. For at least four (4) years prior to the filing of this action and at least one (1) year prior to the date Plaintiff began the process of exhausting the administrative remedies pursuant to Labor Code § 2698 *et seq.*, and continuing to the present (the "liability period"), Defendants have had a consistent policy of failing to provide meal and rest breaks to its employees or compensation in lieu thereof, pay all final wages due at termination or within seventy-two (72) hours after separation to all employees in California, and failing to provide employees with accurately itemized wage statements. Defendants failed to pay the premium rate for all hours worked by its employees.

3. Defendants further failed to pay all overtime wages due to exempt and non-exempt employees. Defendants, instead of paying the premium rate for any hours worked in excess of eight (8) hours per day and in excess of forty (40) hours per week, as mandated by California law, do not pay its employees overtime rate. As a result, employees were not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay, in violation of Labor Code §§ 510 and 1194.

4. Plaintiff, on behalf of herself, and all proposed Plaintiff Class members (specifically, the "California Class" as defined herein), brings this action pursuant to Labor Code §§ 201-203, Labor Code § 226.7, Labor Code § 512, Labor § 226(a)(e), and Labor Code §§ 510, 1194.

5. Plaintiff, on behalf of herself and all proposed Plaintiff Class members pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay wages.

6. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants operate within the State of California. The unlawful acts alleged herein took place in Oakhurst California.

///
///

## II. PARTIES

### A. PLAINTIFF

7. Plaintiff Erica Martin is a resident of Riverbank, California. At all times relevant herein, she was employed by Defendants in Livermore, California. Plaintiff was employed by Defendants as a non-exempt, hourly employee in California, including in and around the city of Livermore, County of Alameda. During Plaintiff's employment:

A. Plaintiff and the similarly situated employees did not receive final wages upon termination. Furthermore, Plaintiff and other similarly situated employees who quit the employment of Defendant did not receive their final wages within seventy-two (72) hours after the separation.

B. Plaintiff and the similarly situated employees were forced to receive inaccurately itemized and deficient wage statements, in violation of Labor Code § 226(a).

C. Plaintiff and the similarly situated employees were required to work without meal and rest periods, nor compensation in lieu thereof, as required by the Labor Code and relevant Wage Orders.

D. Plaintiff and the similarly situated employees were required to work either in excess of eight hours per workday or in excess of forty hours per workweek without receiving compensation at a rate of one and one half the regular rate of pay.

### B. DEFENDANTS

8. Defendant Cattlecar of Delaware, Inc., is a California Corporation doing business in Livermore, California. It operates within the State of California. Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in Livermore, California and in Defendant's other locations.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed Class.

## FACTUAL ALLEGATIONS

11. Defendants willfully deny their California employees their rest periods, and fail to timely provide such, or compensation in lieu thereof, as required by Labor Code §§ 226.7 and 512.

12. Defendants fail to properly itemize the wage statement of Plaintiff and members of California class, in violation of Labor Code §226(a). Specifically, Defendant failed to state the correct net wages earned, failed to state the gross wages earned, and applicable hourly rates.

13. Plaintiff and proposed California Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 7-2001.

14. Plaintiff and proposed California Class worked in excess of forty (40) hours in one week and in excess of eight (8) hours in one day, requiring the payment of overtime wages at a premium rate of one and one half the regular rate of pay. Defendant willfully failed to compensate Plaintiff the premium rate for all overtime worked.

15. Defendants failed to provide Plaintiff and proposed California Class their final wages on the day of termination or if the employee resigns, within seventy-two (72) hours of separation.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

17. Plaintiff seeks to represent a class composed of and defined as follows:

## THE CALIFORNIA CLASS

18. All current and former California employees of Defendants since the date four (4) year prior to the filing of this complaint.

19. Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

20. This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. NUMEROSITY

21. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed

Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over seventy-five (75) Class members in the State of California.

22. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all members of the proposed Class is not practicable.

**B.   COMMONALITY**

23. There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, whether Defendants failed to provide members of the Class with meal and rest periods, nor compensation in lieu thereof, wage statements that fully and accurately itemize the requirements set forth in Labor Code §226(a), accurate final wages, final wages on the day of termination and or within seventy-two (72) hours of separation, and payment of overtime wages at a premium rate of one and one half the regular rate of pay.

**C.   TYPICALITY**

24. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.   ADEQUACY OF REPRESENTATION**

25. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E.   SUPERIORITY OF CLASS ACTION**

26. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's failure to comply with Labor Code 226(a).

27. Class action treatment will allow those similarly situated persons to litigate their

claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7)

28. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

29. Plaintiff and members of the proposed California class are entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code § 226.7.

30. Defendants have failed to provide Plaintiff and members of the proposed California Class one or more rest periods on one or more days of their employment with Defendants, and have failed to compensate them at the rate of one hour or pay at their regular rate of pay for each day on which one or more rest periods were not provided.

31. Pursuant to Labor Code §§ 226.7 and 512, Plaintiff seeks the payment of all rest period compensation, which she and members of the California Class are owed for four years proceeding the filing of this complaint, according to proof.

32. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

33. Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

## SECOND CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e))

34. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

35. Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, and all hourly rates in effect, for Plaintiff and the members of the proposed California Class. Defendants have knowingly and intentionally failed to

OTKUPMAN LAW FIRM, ALC

CLASS, COLLECTIVE REPRESENTATIVE ACTION COMPLAINT    6

comply with Labor Code § 226(a).

36. The wage statements provided to Plaintiff and members of the Class fail to accurately itemize in wage statements accurate gross wages and net wages, and all applicable hourly rates in effect for Plaintiff and the members of the proposed California Class. The wage statements provided to Plaintiff and the class fail to state the accurate overtime rate of Plaintiff and the class as well as the penalties for missed rest breaks. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff and Class members have suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

37. Wherefore, Plaintiff, and the Class she seeks to represent, request relief as described below.

### THIRD CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION
### IN VIOLATION OF LABOR CODE §§ 201-203

38. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

39. California Labor Code §201 and §202 require Defendants to pay employees all wages due within 72 hours of resignation of employment and on the day of termination of employment. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

40. As alleged above, Plaintiff and members of the California Class she seeks to represent are entitled to compensation for unpaid wages, but to date have not received such compensation.

41. More than 30 days have passed since certain California Class members have left Defendants' employ.

42. As a consequence of Defendants' willful conduct in not paying wages owed, Plaintiff and the California Class members are entitled to 30 days wages as a penalty under Labor Code § 203 for Defendants' failure to timely pay legal wages, together with attorney's fees and cost of suit.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES
### IN VIOLATION OF LABOR CODE §§ 510, 1194, 1194.2

43. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

44. Defendants have failed to pay all overtime wages due to exempt and non-exempt employees. Defendants, instead of paying the premium rate for any hours worked in excess of eight (8) hours per day and in excess of forty (40) hours per week, as mandated by California law, do not pay its employees overtime rate. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay, in violation of Labor Code §§ 510 and 1194.

45. As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiff and members of the Class have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION PURSUANT TO
## BUSINESS & PROFESSIONS CODE § 17200

46. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

47. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff Erica Martin, on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

48. Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

49. *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business practices.

50. Wage and hour laws express fundamental public policies. Providing employees with rest breaks or compensation in lieu thereof are fundamental public policies of this State. *Labor Code* § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful

conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

51. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.*, depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

52. Defendants' conduct, as alleged herein, constitutes unfair competition in violation of § 17200 *et. seq.* of the *Business & Professions Code*.

53. Defendants, by engaging in the conduct herein alleged, by not providing all wages and proper overtime compensation, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such, it is a violation of § 17200 *et. seq.* of *the Business & Professions Code*.

54. As a proximate result of the above mentioned acts of Defendants, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

55. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or employees, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and the proposed Plaintiff Class members to the money Defendants have unlawfully failed to pay.

## SIXTH CAUSE OF ACTION

### PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE § 226(a), (e), §§ 201-203, § 226.7, § 512, §§ 510, 1194

56. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

57. As a result of the acts alleged herein, Plaintiff seeks penalties under Labor Code §§ 2698 *et seq.* because of Defendants' violation of Labor Code § 226(a), Labor Code §§ 201-203, Labor Code § 226.7, Labor Code § 512, and Labor Code §§ 510, 1194.

58. For each such violation, Plaintiff and all aggrieved employees are entitled to penalties

in an amount to be shown at the time of trial subject to the following formula:

    a.    With respect to the violation of Labor Code § 2699(f) for violations of Labor Code § 226(a), 226.7, Labor Code § 512, Labor Code §§ 510, 1194, $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

59. These penalties will be allocated 75% to the Labor Workforce Development Agency, and 25% to the affected employees.

60. On October 17, 2017, Plaintiff on behalf of himself and all aggrieved employees sent a letter, attached hereto as **Exhibit "A"**, by certified mail to the LWDA and Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.* Pursuant to 2699.3(a)(2)(A), Plaintiff may commence an action to seek penalties under the PAGA if the agency notifies the employer and the aggrieved employee or representative that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the notice received by the aggrieved employee **or** if a letter is not received after sixty five days. *Emphasis added.* It has been in excess of sixty five (65) days since Plaintiff's letter was sent. Plaintiff has not received a response from the LWDA. Plaintiff may therefore commence this action to seek penalties pursuant to Labor Code § 2698 et seq. Wherefore, Plaintiff and the aggrieved employees she seeks to represent request relief as described herein.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For penalties pursuant to Labor Code § 203 for all members of the California class who are no longer employed by Defendants, equal to their daily wage multiplied by thirty (30) days;

2. For penalties pursuant to *Labor Code* §§ 226(e) and 226.3 for members of the Class;

3. For compensatory damages in the amount of one hour of wages for each day on which a rest period was not properly provided to Plaintiff and members of the California Class, and compensation in lieu thereof was not paid, from the date at least four years prior to the filing of this action to the present as may be proven;

4. For all straight time, overtime, and double compensation that Defendant failed to pay;

5. An order enjoining Defendants and their agents, servants, and employees, and all personas acting under, in concert with, or for them from failing to accurately itemize their wage statements, from filing to timely compensate them in accordance with Labor Code §§201 and 203, and from failing to pay all wages due;

6. For restitution for unfair competition pursuant to Business and Professions Code § 17200 et seq., including disgorgement of profits, in an amount as may be proven;

7. An award of prejudgment and post-judgment interest;

8. An award providing for payment of costs of suit;

9. An award of attorneys' fees; and

10. Such other and further relief as this Court may deem just and proper.

Dated: December 20, 2017

OTKUPMAN LAW FIRM,
A Law Corporation

By: _____
ROMAN OTKUPMAN
NIDAH FARISHTA
Attorneys for Plaintiff, Erica Martin, on behalf of herself and all others similarly situated, and on behalf of the general public

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: December 20, 2017

OTKUPMAN LAW FIRM,
A Law Corporation

By: _____
ROMAN OTKUPMAN
NIDAH FARISHTA
Attorneys for Plaintiff, Erica Martin, on behalf of herself and all others similarly situated, and on behalf of the general public

CLASS, COLLECTIVE REPRESENTATIVE ACTION COMPLAINT    11

# EXHIBIT "A"

**OTKUPMAN LAW FIRM, A LAW CORPORATION**
28632 Roadside Drive, Suite 203
Agoura Hills, CA 91301
Tel.: 818-293-5623
Fax: 888-850-1310

October 17, 2017

**VIA ELECTRONIC FILING**
Labor & Workforce Development Agency
Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

**VIA CERTIFIED MAIL**
Cattlecar of Delaware, Inc.
One Regent Street
East Norwalk, CT 06856
Defendant certified mail # 7016 0600 0000 0094 5916

**VIA CERTIFIED MAIL**
Agent for Service of Process
C T Corporation System
818 W 7th St. Ste 930
Los Angeles, CA 90017
Agent certified mail # 7017 0530 0000 3235 1687

Re: *Martin v. Cattlecar of Delaware, Inc.– Labor Code Violations of Cattlecare of Delaware, Inc.– Compliance Letter of California Labor Code § 2698 - Private Attorneys General Act*

Dear Sir or Madam:

This office represents Erica Martin, a former California employee of Cattlecar of Delaware, Inc. ("Defendant"). The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et seq.*

Our client worked for Defendant in Northern California. Herein we set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to our client and all other of its California employees.

Defendant failed to pay premium wages to our client and its non-exempt California employees who were denied meal and rest breaks, in violation of Labor Codes §§ 226.7, 512, 558, and IWC Order No. 5-2001, Section 12. Our client and all other non-exempt California employees were routinely unable, and not authorized, to take a 10-minute rest break. Moreover, they were not paid premium wages of one hour's pay for each missed rest break. This violates Labor Code §§

Labor & Workforce Development Agency
Cattlecar of Delaware, Inc.
October 16, 2017
Page 2

226.7 and 558. Our client and all other non-exempt California employees were also routinely unable to take uninterrupted thirty (30) minute lunch break for every shift which they worked. However, they were not paid premium wages of one hour's pay for each missed meal period, in violation of Labor Code §§ 226.7, 512, and 558.

Our client, on behalf of herself and all other California employees of Defendant claims that Defendants have failed to pay all overtime wages due to non-exempt employees. Employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. They are either expected to clock out and continuously work, or work without timely clocking in. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194.

Due to the violations described above, Cattlecar of Delaware, Inc.'s employees did not receive all of their wages earned for labor in excess of the normal work period a timely manner as required by Labor Code § 204(b).

Defendant failed to issue our client and all other California employees accurately itemized wage statements. As Defendant failed to compensate our client and other non-exempt California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2) and net wages earned, in violation of Labor Code § 226(a)(5).

Our client further alleges that Defendant paid her and other of its non-exempt California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendant's failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

We invite Defendant or its attorney to contact our office to discuss this matter, including whether an early resolution of the claims can be reached.

Our office awaits your response.

Very truly yours,

ROMAN OTKUPMAN



20627874

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CATTLECAR OF DELAWARE, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERICA MARTIN, on behalf of herself and all others similarly situated, and on behalf of the general public

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
ALAMEDA COUNTY
DEC 26 2017
CLERK OF THE SUPERIOR COURT
By _____ Dep.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: County of Alameda - Hayward
*(El nombre y dirección de la corte es):*
24405 Amador Street
Hayward, CA 94544

**CASE NUMBER:** *(Número del Caso):* HG17887336

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman & Nidah Farishta: 28632 Roadside Dr. Suite 203 Agoura Hills, CA 91301: (818)293-5623

DATE: DEC 26 2017   Clerk, by Chad Finke , Deputy
*(Fecha)*                *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Cattlecar of Delaware, Inc.
   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*