Roman Otkupman, CSBN 249423
Roman@OLFLA.com
Meghan Maertz, CSBN 276976
Meghan@OLFLA.com
OTKUPMAN LAW FIRM, A LAW CORPORATION
28632 Roadside Dr., Suite 203
Agoura Hills, CA 91301
Telephone: (818) 293-5623
Facsimile (888) 850-1310

Attorneys for Plaintiff,
Erica Martin, on behalf of herself and all others similarly situated, and on behalf of the general public

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MARTIN, on behalf of herself and all others similarly situated, and on behalf of the general public, <br><br> Plaintiff, <br><br> vs. <br><br> CATTLECAR OF DELAWARE, INC., A Delaware Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 4:18-cv-00769-YGR <br><br> **[PROPOSED]** **FINAL JUDGMENT** <br><br> Date:   July 9, 2019 <br> Time:   2:00 P.M. <br> Ctrm.:  1, 4th Floor <br><br> Hon. Yvonne Gonzalez Rogers <br><br> * as modified by the Court * |

///
///
///
///
///
///
///
///
///

**[PROPOSED] FINAL JUDGMENT**

On October 12, 2018, the Parties[1] finalized the terms of a class action settlement of this Action via a Memorandum of Understanding ("MOU").  The Parties subsequently incorporated the terms of the MOU into a formal settlement agreement in the form of a Joint Stipulation of Class Action Settlement ("Settlement Agreement"), attached hereto as Exhibit A.  On February 19, 2019, the Court preliminarily approved the Joint Stipulation of Class Action Settlement.  The Court directed the Parties to provide notice of the proposed settlement to the potential Class Members and scheduled a further hearing to determine whether the proposed settlement and request for Plaintiff's attorneys' fees and Plaintiff's expenses are fair, reasonable, and adequate.

On July 9, 2019 the Court held the Final Approval Hearing to determine:  (i) whether the Action should be finally certified as a class action solely and exclusively for settlement purposes; (ii) whether the proposed Settlement should be given final approval as fair, reasonable and adequate and in the best interests of each of the Parties and the Settlement Class Members and whether the Settlement Class Members should be bound by the Released Claims set forth in the Settlement Agreement; (iii) whether a Class Representative Service Payment award of five thousand dollars ($5,000.00) should be made to Plaintiff; (iv) whether the claim administrator's payment of ten thousand five hundred dollars ($10,500.00) should be made to CPT Inc.; (v) whether to approve the award of Plaintiff's attorneys' fees of fifty-seven thousand seven hundred and fifty dollars ($57,750.00) and Plaintiff's expenses of five thousand five hundred and sixteen dollars and ninety-seven cents ($5,516.97); (vii) whether to approve the amount of ten thousand dollars ($10,000.00) for PAGA penalties; (viii) whether to exercise continuing jurisdiction over the Parties to the Settlement Agreement for the purpose of taking such other actions as may be necessary to enforce

---

1. 
[1] The definitions for all capitalized terms can be found in the Joint Stipulation of Class Action Settlement referred to herein as the "Settlement Agreement."

the Settlement Agreement; and (ix) any other matter that may be relevant to the Settlement.  Roman Otkupman of Otkupman Law Firm, A Law Corporation appeared for Plaintiff Erica Martin and the Settlement Class; Eric Meckley and Maureen N. Beckley of Morgan, Lewis & Bockius LLP, and Thomas J. McAndrew of Thomas J. McAndrew & Associates appeared for Defendant Cattlecar of Delaware, Inc.

Zero (0) putative class members timely requested exclusion from the settlement Class and Zero (0) objections were filed with respect to the proposed Settlement.

After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement Agreement and the requests for awards of Plaintiff's attorneys' fees, Plaintiff's expenses and the Class Representative Service Payment, and hearing the attorneys for the Parties, the Court finds:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      The Court has personal jurisdiction over all Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement pursuant to the terms of the Parties' Settlement Agreement (including all Exhibits thereto).

2.      The Settlement Agreement, including the definitions applicable to the Settlement Agreement, is incorporated by reference into this Final Judgment and attached as Exhibit A.

3.      The Court finds that the Settlement Agreement was reached after arm's-length negotiations between the Parties, including extensive discussions about the respective strengths and weaknesses of the claims and defenses and a full-day mediation session; the proposed settlement was concluded only after counsel for the Parties had conducted adequate investigation and discovery; and the settlement of the Action, as embodied in the terms of the Settlement Agreement, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions

1  (including the due process clauses), and any other applicable law, and in the best interests of the

2  Parties and the Class Members.

3      4.    Solely for the purpose of settlement, the Court finally certifies the following Class:

4      All persons employed by Defendant Cattlecar of Delaware, Inc. as non-exempt store

5      employees in California at any time from December 27, 2013 through and including February 19, 2019, which was the date on which the Court granted preliminary

6      approval of this settlement. The Class includes all positions, regardless of job title, that worked in stores in California.

7      5.    The above Class is certified for settlement purposes only, and the certification should

8  not be construed as an admission by Defendant with respect to any of the allegations made against

9  it in the Action by or on behalf of the members of the settlement Class.

10

11      6.    The Court appoints Erica Martin as Class Representative.

12      7.    The Court appoints Roman Otkupman of Otkupman Law Firm, A Law Corporation,

13  as counsel for the Class.

14      8.    The Court confirms the appointment of CPT Inc. as Claims Administrator and awards

15  ten thousand five hundred dollars ($10,500.00) in claims administration costs to CPT, Inc.

16      9.    The Court finds that:

17      a.    the above-described Class contains members so numerous that the joinder of

18      all of them is impracticable;

19

20      b.    there are questions of law or fact common to the above-described Class;

21      c.    the claims of the Class Representative are typical of the claims of the Class

22      that Plaintiff seeks to represent; and

23      d.    the Class Representative and Plaintiff's Attorneys have fairly and adequately

24      protected the interests of the above-described Class.

25      10.    The Parties and their respective counsel are ordered to implement and to consummate

26  the Settlement Agreement according to its terms and provisions.

27

28

11.     The Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed settlement and their right to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the Due Process Clauses)and any other applicable law.  Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the settlement are bound by the Final Approval Order and this Judgment.

12.     The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached thereto which (i) are consistent with this Final Judgment, and (ii) do not limit the rights of Class Members under the Settlement Agreement.

13.     The Court grants a Class Representative Service Payment award of five thousand dollars ($5,000.00) to Plaintiff Erica Martin.  This request is justified in light of the following facts: (1) Plaintiff spent numerous hours conferring with Plaintiff's attorneys, reviewing documents, gathering evidence, and preparing for mediation; (2) Plaintiff's efforts resulted in a favorable result for the Class; (3) Plaintiff attended a full day of mediation; (4) Defendant did not oppose the request. The Class Representative Service Payment will be paid to Plaintiff in accordance with the terms of the Settlement Agreement.

14.     The Court grants Plaintiff's attorneys' request for an award of Plaintiff's attorneys' fees in the amount of fifty-seven thousand seven hundred and fifty dollars ($57,750.00) and Plaintiff's costs in the amount of five thousand five hundred and sixteen dollars and ninety-seven

cents ($5,516.97).  Plaintiff's Attorneys' request for an award of reasonable attorneys' fees and costs is justified in light of the following facts: (1) Plaintiff's attorneys vigorously investigated and prosecuted this case and achieved a favorable result for the Class; (2) the legal issues were novel and complex; (3) Defendant did not oppose the request; and (4) such other bases as offered by Plaintiff's Attorneys.  The attorneys' fees and costs shall be paid by Defendant in accordance with the terms of the Settlement Agreement.

15.     This Judgment and the Final Approval Order shall have *a res judicata* effect and bar Plaintiff and each Class Member from bringing any action asserting any of the "Released Claims" as that term is defined in the Joint Stipulation of Class Action Settlement.

16.     Judgment is hereby entered in accordance with the terms of the Settlement Agreement.  The clerk of court is directed to enter such Judgment.

17.     Without affecting the finality of this Judgment, the Court shall retain jurisdiction to enforce the terms of the Parties' Joint Stipulation of Class Action Settlement.

IT IS SO ORDERED.

Dated:   July 15, 2019

_____
Hon. Yvonne Gonzalez Rogers
DISTRICT JUDGE

# Exhibit "A"

DocuSign Envelope ID: F399C438-13D4-486B-9FEC-F916E8617C04

OTKUPMAN LAW FIRM, A LAW
CORPORATION
Roman Otkupman, Bar No. 249423
Nidah Farishta, Bar No. 312360
Meghan Maertz, Bar No. 276976
28632 Roadside Drive, Suite 203
Agoura Hills, CA 91301
Tel:    +1.818.293.5623
Fax:    +1.888.850.1310
Roman@OLFLA.com
Nidah@OLFLA.com
Meghan@olfla.com

Attorneys for Plaintiff
ERICA MARTIN

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
Zachary W. Shine, Bar No. 271522
Maureen N. Beckley, Bar No. 316754
One Market Spear Street Tower
San Francisco, California  94105-1596
Telephone:    +1.415.442.1000
Facsimile:    +1.415.442.1001
eric.meckley@morganlewis.com
zachary.shine@morganlewis.com
maureen.beckley@morganlewis.com

Attorneys for Defendant
CATTLECAR OF DELAWARE, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MARTIN, on behalf of herself and all others similarly situated, and on behalf of the general public, | Case No. 4:18-cv-00769-YGR |
| Plaintiff, | JOINT STIPULATION OF CLASS ACTION SETTLEMENT |
| vs. | |
| CATTLECAR OF DELAWARE, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F9:6E8617C04

1     This Joint Stipulation of Settlement ("Stipulation" or "Settlement") is made and entered

2  into, as of the date set forth below, between the Plaintiff and Class Representative Erica Martin,

3  ("Plaintiff" or "Class Representative"), and Defendant Cattlecar of Delaware, Inc. ("Defendant"),

4  who are parties to the above-captioned litigation (together, the "Parties").

5  **1.     THE CONDITIONAL NATURE OF THIS STIPULATION**

6     1.1     This Stipulation and all associated exhibits or attachments are made for the sole

7  purpose of settling the above-captioned action. This Stipulation and the Settlement it evidences

8  are made in compromise of disputed claims. Because this action was pled as a putative class

9  action and putative PAGA representative action, this Settlement must receive preliminary and

10  final approval by the Court. Accordingly, the Settling Parties (as defined herein) enter into this

11  Stipulation and associated Settlement on a conditional basis. If the Court does not enter the Order

12  of Final Approval, the proposed Judgment does not become a Final Judgment for any reason,

13  and/or the Effective Date does not occur, this Stipulation shall be deemed null and void *ab initio*;

14  it shall be of no force or effect whatsoever; it shall not be referred to or utilized for any purpose

15  whatsoever; and the negotiation, terms and entry of the Stipulation shall remain subject to the

16  provisions of Federal Rule of Evidence 408, California Evidence Code sections 119 and 1152,

17  and any other analogous rules of evidence that are applicable.

18     1.2     Defendant denies all liability, damages, penalties, interest, fees, restitution,

19  injunctive relief and all other forms of relief associated with Plaintiff's claims, as well as denies

20  the class action and representative action allegations asserted in the Action, as those terms are

21  defined below. Defendant has agreed to resolve the Action via this Stipulation, but to the extent

22  this Stipulation is deemed void or the Effective Date does not occur, Defendant does not waive,

23  but rather expressly reserves, all rights to challenge all such claims and allegations in the Action

24  upon all procedural, merit, and factual grounds, including, without limitation, the ability to

25  challenge class, collective and representative action treatment on any grounds, as well as asserting

26  any and all other privileges and potential defenses. The Class Representative and Class Counsel

27  (as defined below) agree that Defendant retains and reserves these rights, and the Class

28  Representative and Class Counsel agree not to argue or present any argument, and hereby waive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1    any argument, that based on this Stipulation, Defendant cannot contest class certification or class

2    action or collective action or representative action treatment on any grounds whatsoever, or assert

3    any and all other privileges or potential defenses if this Action were to proceed.

4    **2.  DEFINITIONS**

5       The following terms, when used in this Joint Stipulation of Settlement and any related

6    settlement documents, shall have the following meanings:

7       2.1    "Action" means the above captioned action, identified as *Erica Martin v. Cattlecar*

8    *of Delaware, Inc.*, pending in the U.S. District Court, Northern District of California, Case

9    No. 18-CV-00769-YGR.

10       2.2    "Cattlecar Releasees" means Cattlecar of Delaware, Inc. and all affiliated parties,

11    entities and persons (including, but not limited to, all former and present parents, subsidiaries, and

12    affiliates, predecessors, owners, members, successors, shareholders, divisions, and each of these

13    entities' respective past and present officers, directors, employees, partners, members,

14    shareholders and agents, attorneys, and any other successors, assigns, or representatives).

15       2.3    "Claims Administrator" means CPT Group (or such other administrator that is

16    mutually agreed upon by the Parties and approved by the Court).

17       2.4    "Class" means all persons employed by Defendant as non-exempt store employees

18    in California at any time from December 27, 2013 through and including the date on which the

19    Court grants preliminary approval of this settlement.  The Class includes all positions, regardless

20    of job title, that worked in stores in California.

21       2.5    "Class Counsel" means, collectively, Otkupman Law Firm.

22       2.6    "Class Member" means each person eligible to participate in this Settlement who

23    is a member of the Class defined above.

24       2.7    "Class Period" means the time period from December 27, 2013 through and

25    including the Preliminary Approval Date.

26       2.8    "Class Representative" or "Plaintiff" means Plaintiff Erica martin.

27       2.9    "Class Representative's Released Claims" means any and all claims, obligations,

28    demands, actions, rights, causes of action, and liabilities against the Cattlecar Releasees (as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

3

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F9'6E86'7C04

1   defined above), of whatever kind and nature, character, and description, whether in law or equity,

2   whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation,

3   common law, or other source of law or contract, whether known or unknown, and whether

4   anticipated or unanticipated, including all unknown claims covered by California Civil Code

5   Section 1542, as quoted in Section 6.8.4 below, by the Class Representative, arising at any time

6   up to and including the date on which the Court enters the Order of Final Approval, for any type

7   of relief, including without limitation claims for wages, premium and other forms of pay,

8   unpaid/unreimbursed costs, penalties (including waiting time penalties), general damages,

9   compensatory damages, liquidated damages, punitive damages. interest, attorneys' fees, litigation

10   and other costs, expenses, restitution, and equitable and declaratory relief.  The Class

11   Representative's Released Claims include, but are not limited to, the Released Claims as well as

12   any other claims under any provision of the Fair Labor Standards Act ("FLSA"), the California

13   Labor Code[1], any applicable California Industrial Welfare Commission Wage Orders, any city or

14   county Living Wage Ordinances, and claims under state or federal discrimination statutes,

15   including, without limitation, the California Government Code; the Unruh Civil Rights Act,

16   California Civil Code; the California Constitution; the California Business and Professions Code,

17   including but not limited to Sections 17200 *et seq.*; the United States Constitution; the Age

18   Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act; the

19   Uniformed Services Employment and Reemployment Rights Act, Title VII of the Civil Rights

20   Act of 1964, 42 U.S.C. § 2000 *et seq.*; the Family and Medical Leave Act, to the extent not

21   prohibited by law; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the

22   Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and all of their

23   implementing regulations and interpretive guidelines.  As a condition to this settlement, the

24   named Plaintiff Erica Martin is providing a full and general release of all known and unknown

25   claims, including but not limited to, all claims alleged or that could have been alleged in the

26   Complaint or in any way related to her employment with Defendant.

27       2.10  "Complaint" means the then-current (i.e., most recently amended) operative

28

---

[1] References to the "Labor Code" herein shall be to the California Labor Code.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

4

Case Nos. 4:18-cv-00769-YGR

JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1   Complaint in this Action pending in the United States District Court for the Northern District of

2   California.

3        2.11   "Court" means the United States District Court, Northern District of California.

4        2.12   "Defendant's Counsel" means Morgan, Lewis & Bockius LLP.

5        2.13   "Effective Date" means the date on which the Judgment becomes a Final

6   Judgment.

7        2.14   "Final Approval Date" means the date on which the Court enters the Order of

8   Final Approval.

9        2.15   "Final Approval Hearing" means a hearing set by the Court, to take place on a date

10   established by the Court, for the purpose of (i) determining the fairness, adequacy, and

11   reasonableness of the Stipulation terms and associated Settlement pursuant to class action

12   procedures and requirements; (ii) determining the amount of the award of attorneys' fees and

13   costs to Class Counsel; (iii) determining the amount of the Service Payment to the Class

14   Representative; and (iv) entering the Judgment.

15        2.16   "Final Judgment" means the latest of the following dates:  (i) if no Class Member

16   files an objection to the Settlement, then the date the Court enters a Judgment dismissing the

17   Action and an Order of Final Approval of the Settlement; (ii) if a Class Member files an objection

18   to the Settlement, then after the applicable date for seeking appellate review of the District

19   Court's final approval of the Settlement has passed, assuming no appeal or request for review is

20   filed; or (iii) if an appeal is filed, the final resolution of that appeal (including any requests for

21   rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the

22   Settlement.

23        2.17   "Judgment" means the judgment to be executed and filed by the Court pursuant to

24   this Stipulation following the Final Approval Hearing.

25        2.18   "Maximum Settlement Amount" is the maximum total amount of $175,000, which

26   amount shall include: (1) all payments to Plaintiff and Class Members pursuant to this Settlement;

27   (2) all Attorneys' Fees and Costs and expenses related to the Action, including the claims

28   released in accordance with Paragraph 4 below, the Litigation, documenting the settlement,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DocuSign Envelope ID: F399C438-13D4-486B-9FEC-F916E8617C04

1    securing trial and appellate court approval of the settlement, and obtaining dismissal with
2    prejudice of the Litigation; (3) an individual service payment to Plaintiff Erica Martin to
3    compensate her for her general release of all known and unknown claims, in accordance with
4    Paragraph 6 below; (4) all costs and expenses associated with administering the settlement,
5    including costs to be paid to a third-party settlement administrator; and (5) the payment to the
6    California Labor Workforce Development Agency for settlement of claims for penalties alleged
7    under the California Private Attorneys General Act ("PAGA").

8        2.19    "Net Settlement Pool" is the net amount remaining after all attorneys' fees,
9    expenses, costs, expert fees, claims administration fees, class representative enhancement, and
10   payment to the State of California in settlement of PAGA penalties are deducted from the
11   Maximum Settlement Amount.

12       2.20    "Notice of Settlement" means the document provided to Class Members to notify
13   them of the settlement, a copy of which is attached hereto as Exhibit 1.

14       2.21    "Parties" means Plaintiff and Defendant collectively.

15       2.22    "Preliminary Approval Date" means the date the Court enters the Order approving
16   the Stipulation of Settlement, and the exhibits thereto, and providing for notice to the Class, an
17   opportunity to opt out of the Class, an opportunity to submit timely objections to the settlement,
18   and setting a hearing on the fairness of the terms of settlement, including approval of the Service
19   Payment and attorneys' fees and costs.

20       2.23    "Released Claims" shall mean all federal, state and local law claims, rights,
21   demands, liabilities, and causes of action, whether known or unknown, arising from, or related to,
22   the allegations that were made or reasonably could have been made in the operative complaint in
23   this matter, through and including the date on which opt-outs/requests for exclusion must be
24   submitted to the Claims Administrator, and including claims based on the following categories of
25   allegations (the "Settled Claims"):  All claims for unpaid overtime pursuant to California Labor
26   Code §§510, 1194 and 1198 and the Fair Labor Standards Act ("FLSA") and the Industrial
27   Welfare Commission Wage Order; all claims for unpaid minimum wages pursuant to California
28   Labor Code §§1194, 1194.2, 1197, and 1197.1 and the FLSA" and the Industrial Welfare

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2                    JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C436-13D4-468B-9FEC-F916E8617C04

1   Commission Wage Order;  all claims for unpaid meal and rest period premiums pursuant to

2   California Labor Code §§226.7 and 512 and the Industrial Welfare Commission Wage Order; all

3   claims for failure to provide and maintain accurate and itemized wage statements pursuant to

4   California Labor Code §§226 and 226.3;  all claims for the failure to timely pay wages upon

5   termination, pursuant to California Labor Code §§201, 202 and 203; all claims for the failure to

6   timely pay wages during employment pursuant to California Labor Code §204, as such claims

7   relate only to the failure to pay overtime, minimum wages, and meal and rest period premiums;

8   all incorporated or related claims asserted through California Business and Professions Code

9   §§17200, *et seq.*;  all claims for penalties under the Private Attorneys' General Act ("PAGA")

10  California Labor Code §§2698, *et seq.*, based upon alleged Labor Code violations described

11  above; all claims for penalties or monetary relief based upon the claims described above pursuant

12  to Labor Code §558; all claims for interest, penalties, attorneys' fees, costs and any other

13  monetary relief based upon the claims described above and including, but not limited to, pursuant

14  to Labor Code §§210, 218.5, 218.6, Code of Civil Procedure §1021.5, and/or Civil Code §§

15  3287(b) and 3289.  The release as to the Settled Claims only shall include a waiver of rights under

16  California Civil Code §1542, which states: "A general release does not extend to claims which

17  the creditor does not know about or suspect to exist in his or her favor at the time of executing the

18  release, which if known by him or her must have materially affected his or her settlement with the

19  debtor." Such release will be limited to *only* the Settled Claims.  The Settled Claims are those

20  that accrued during the period from December 27, 2013 through and including the date on which

21  opt-outs/requests for exclusion must be filed with the Court in connection with this Settlement.

22  The endorsement of the settlement check by a Class Member (i.e., signing and cashing or signing

23  and depositing the check) shall serve as his or her written consent to join the action and

24  participate in the settlement pursuant to Section 216(b) of the FLSA. The settlement checks

25  issued to Class Members will include language on the back of the check that is the same or

26  substantially similar to the following: "By endorsing this check, I consent to join the Settlement

27  Class in *Martin v. Cattlecar of Delaware, Inc.*, elect to participate in the Settlement, and agree to

28  release the Released Claims covered by the Settlement."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1        2.24   "Service Payment" means the amount approved by the Court to be paid to the

2   Class Representative, in recognition of her efforts in coming forward as Class Representative, and

3   as consideration for a full, general, and comprehensive release of the Class Representative's

4   Released Claims, which shall be in addition to her portion of the Settlement Payment. The

5   Service Payment for the Class Representative shall not exceed Five Thousand Dollars and Zero

6   Cents ($5,000.00), with reversion to the Net Settlement Pool of any amount not awarded by the

7   Court upon application of Class Counsel. Defendants will not oppose Class Counsel's

8   application for Service Payment for the Class Representative.

9        2.25   "Settlement Documents" mean the Notice of Settlement (**Exhibit 1**) and the

10   [Proposed] Preliminary Approval Order (**Exhibit 2**).

11        2.26   "Settlement Payment" means the amount due each Class Member under the terms

12   of this Stipulation.

13        2.27   "Settling Parties" means Defendant, Cattlecar Releasees, and Plaintiff and the

14   Settlement Class.

15        2.28   "Settling Plaintiff(s)" and/or "Settlement Class" mean all Class Members who do

16   not timely submit a signed and valid Opt-Out Request to the Claims Administrator.

17        2.29   "Stipulation of Settlement" or "Stipulation" or "Settlement" shall mean this Joint

18   Stipulation of Settlement, signed by counsel for all of the Parties.

19        2.30   "Work Shift" shall mean the number of daily shifts that each Class Member

20   worked in California in an eligible position category (i.e. non-exempt) during the Class Period for

21   Defendant, which shall be calculated pursuant to Section 6.7.

22   **3.**     **DESCRIPTION OF THE LITIGATION**

23        3.1   On December 26, 2017, Plaintiff Erica Martin filed a putative class action and

24   alleged PAGA representative action complaint against Defendant in the California Superior

25   Court, County of Alameda, captioned *Erica Martin, on behalf of herself and all others similarly*

26   *situated, and on behalf of the general public, v. Cattlecar of Delware, Inc., et al.*; Case No.

27   HG17887336. The action was removed to the U.S. District Court for the Northern District Court

28   of California on or about February 5, 2018, and assigned Case No. 4:18-cv-00769-YGR.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

8

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1    Plaintiff's Complaint was captioned as a class, collective and representative action comlaint and

2    alleged claims for the: (1) failure to provide meal and rest periods or compensation in lieu thereof

3    in violation of Labor Code § 226.7 and the California Industrial Welfare Commission Wage

4    orders; (2) knowing and intentional failure to comply with itemized employee wage statement

5    provisions in violation of Labor Code §§ 226(a), (e); (3) failure to timely pay wages due at

6    termination in violation of Labor Code §§ 201-203; (4) failure to pay all wages in violation of

7    Labor Code §§ 510, 1194, and 1194.2; (5) unfair competition pursuant to Business & Professions

8    Code § 17200; and (6) PAGA penalties for violations of Labor Code §§ 226(a) and (e), 201-203,

9    226.7, 512, 510, and 1194.

10       3.2    Through informal and formal discovery, Defendant responded to interrogatories

11   and requests for production of documents and provided Plaintiff's counsel with significant

12   putative class data, including but not limited to written policies and procedures applicable to class

13   members, the number of former and current employees during the Class Period, the number of

14   wage statements issued, the number of wage statements issued that included a bonus payment, the

15   number of wage statements issued that included overtime pay and a bonus payment, time records

16   reflecting Plaintiff's hours worked, and wage statements during the Class Period.

17       3.3    On May 8, 2018, the Parties participated in a day-long mediation with neutral

18   JAMS mediator Hon. Luis A. Cardenas in San Francisco, California. The case did not settle at

19   that time, and negotiations continued after that date, which involved a further exchange of formal

20   and informal discovery and documents. The Parties ultimately accepted a mediator's proposal

21   and finalized the terms of their agreement via a Memorandum of Understanding ("MOU") signed

22   on October 12, 2018. At all times, the Parties' settlement negotiations have been non-collusive,

23   adversarial, and at arm's length and through the assistance of a neutral third-party mediator.

24       3.4    Discussions between counsel for the Parties, formal and informal discovery, as

25   well as the respective investigation and evaluation of Plaintiff's claims by the Parties, have

26   permitted each side to assess the relative merits of the claims and the defenses to those claims.

27   The Parties agree that the above-described investigation and evaluation, as well as discovery and

28   the information exchanged during the settlement negotiations, are sufficient to assess the merits

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1   of the respective Parties' positions and to reach a compromise of the issues on a fair and equitable

2   basis.

3   **4.     BENEFITS OF THE SETTLEMENT TO THE PARTIES**

4       4.1     Based on their own independent investigations and evaluations, Class Counsel is

5   of the opinion that the Settlement with Defendant for the consideration and terms set forth herein

6   is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best

7   interests of the Class.  Class Counsel is of the opinion that the total consideration and payment set

8   forth in this Stipulation of Settlement is adequate in light of the uncertainties surrounding the risk

9   of further litigation, the possibility of losing a motion for decertification, and the defenses that

10  Defendant has asserted and/or could assert as to the substantive merit of the claims.

11      4.2     Class Counsel has weighed the monetary benefit under the Settlement to the

12  Settlement Class against the expenses and length of continued proceedings that would be

13  necessary to prosecute the Action against Defendant through a motion for decertification, motion

14  for summary judgment, trial and possible appeals.  Class Counsel has also taken into account the

15  uncertain outcome and risk of any litigation, especially in complex actions such as class actions,

16  as well as the difficulties and delay inherent in such litigation.  As a result, Class Counsel has

17  determined that the settlement set forth in this Stipulation of Settlement is in the best interests of

18  the Settlement Class.

19  **5.     DEFENDANT'S POSITION**

20      5.1     Defendant and the Cattlecar Releasees specifically and generally deny any and all

21  liability or wrongdoing of any sort with regard to the claims alleged, make no concessions or

22  admissions of liability of any sort, and contend that for any purpose other than Settlement, the

23  Action is not appropriate for class action, collective action, or representative action treatment.

24  Nonetheless, Defendant has concluded that further conduct of the Action would be protracted,

25  distracting and expensive, and that it is desirable that the Action be fully and finally settled in the

26  manner and upon the terms and conditions set forth in this Stipulation.  Defendant has also taken

27  into account the uncertainty and risks inherent in any litigation.  Defendant has therefore

28  determined that it is desirable and beneficial to settle the Action in the manner and upon the terms

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2                    JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F9'6E86:7C04

1   and conditions set forth in this Stipulation.

2       5.2    Neither this Stipulation of Settlement, nor any document referred to in it, nor any

3   actions taken pursuant to this Stipulation of Settlement, is or should be construed as an admission

4   by Defendants of any fault, wrongdoing, or liability whatsoever.  Nor should the Stipulation of

5   Settlement be construed as an admission that Plaintiff and the purported class meet any of the

6   required elements for certification under Fed. R. Civ. P. 23 or that a collective action could be

7   certified under the FLSA.

8       5.3    Defendant and its counsel have concluded that it is desirable that the Action be

9   settled in a manner and upon such terms and conditions set forth herein in order to avoid further

10   expense, inconvenience and distraction of further legal proceedings, and the risk of the outcome

11   of the Action.  Therefore, Defendant has determined that it is desirable and beneficial to resolve

12   the claims in the Action.

13   **6.**     **OPERATIVE TERMS OF SETTLEMENT**

14       The Parties to this case agree as follows:

15       6.1    <u>Class Certification</u>

16           6.1.1   The Parties stipulate, for settlement purposes only, to the certification by

17   the Court of the Class, as defined herein.

18           6.1.2   If, for any reason, the Settlement is not approved, the stipulation to

19   certification for settlement purposes only will be void in its entirety.  The Parties further agree

20   that certification for purposes of the Settlement is in no way an admission that class certification

21   is proper under the standard applied to contested certification motions per Rule 23 and that this

22   Settlement will not be admissible in this or any other proceeding as evidence that (i) a class

23   should be certified as Plaintiff proposed or (ii) Defendant is liable to Plaintiffs or the Class as

24   Plaintiff alleged.

25       6.2    <u>Maximum Settlement Amount</u>

26           6.2.1   Defendants shall pay a gross amount not to exceed One Hundred and

27   Seventy-Five Thousand Dollars ($175,000) as the Maximum Settlement Amount to resolve the

28   Action on a class-wide basis, as described more fully below.  The Maximum Settlement Amount

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

11

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1    includes the reasonable fees and expenses related to administration of the Settlement; reasonable

2    attorneys' fees (not to exceed 33% of the Maximum Settlement Amount) and attorney costs (not

3    to exceed $10,000), as determined by the Court, for Class Counsel; the Service Payment to Class

4    Representative Erica Martin (not to exceed $5,000), and a payment of $7,500 to the California

5    Labor and Workforce Development Agency ("LWDA") for the State of California's share of the

6    PAGA penalties, with the balance ("Net Settlement Pool") to be used to pay the Settlement

7    Payments to Class Members, pursuant to Section 6.7 below. The Parties estimate that the number

8    of putative Class Members is approximately 190 persons. In the event, as of the date of

9    Preliminary Approval, the total class size has increased by more than 15% (i.e., more than an

10    additional 28 persons, or greater than 218 persons), then the Maximum Settlement Amount shall

11    increase on a *pro rata* basis based upon the number of additional persons above the 15% "grace"

12    number (i.e., each additional person above 218).

13        6.2.2    Notwithstanding the foregoing, in addition to the Maximum Payment

14    Amount, Defendant will be responsible for paying the employer's portion of payroll taxes,

15    including FICA, FUTA, and SDI contributions, on the portion of each Settlement Payment

16    allocated as unpaid wages, in an amount to be determined by the Claims Administrator in

17    consultation with Defendant.

18        6.3    Class Representative Service Payment

19        6.3.1    The Class Representative's Service Payment (which is in addition to her

20    payment from the Net Settlement Pool) will, subject to Court approval, be paid out of the

21    Maximum Settlement Payment in an amount not to exceed $5,000 for her service and assistance

22    to the Class. Plaintiff's execution of this Agreement shall constitute a general release of all

23    known and unknown claims that she may have against Defendant, its respective and former

24    parents, subsidiaries, and affiliated corporations, based on her employment with Defendant,

25    including but not limited to, the claims released by the Class Members, and through final

26    approval. The Claims Administrator (and not the Defendant) shall issue IRS Forms W-2 and

27    1099 to Plaintiff reflecting any Class Representative Enhancement Payment, and for purposes of

28    tax withholding, the Service Payment will be treated as 25% attributable to wages and 75%

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2      JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1    attributable to interest and penalties, and required payroll taxes will be withheld as appropriate

2    from the portion treated as wages.  Any amount of the Class Representative Service Payment that

3    is not awarded by the Court shall revert to the Net Settlement Pool.

4        6.4    <u>Attorneys' Fees and Costs</u>

5           6.4.1    Class Counsel shall apply to the Court for an award of reasonable

6    attorneys' fees and costs not to exceed Fifty-Seven Thousand and Seven Hundred and Fifty

7    Dollars ($57,750.00), which represents approximately 33% of the Maximum Settlement Amount.

8    Any amount of the requested attorneys' fees and costs not awarded by the Court will become part

9    of the Net Settlement Pool.  Defendant will not oppose Class Counsel's request for Attorneys'

10    Fees and Costs consistent with this Stipulation.

11        6.5    <u>PAGA Payment</u>

12           6.5.1    Defendant shall pay a total amount of Ten Thousand Dollars and Zero

13    Cents ($10,000.00) in settlement of all claims for civil penalties under the PAGA.  Defendants

14    shall pay 75% of the PAGA settlement amount (i.e., Seven Thousand Five Hundred Dollars and

15    Zero Cents ($7,500.00)) to the LWDA.  The remaining Two Thousand Five Hundred Dollars and

16    Zero Cents ($2,500.00) shall be distributed to Class Members on a *pro rata* basis.

17        6.6    <u>Claims Administrator</u>

18           6.6.1    The Claims Administrator shall be CPT Group (subject to approval by the

19    Court).  All fees and expenses reasonably incurred by the Claims Administrator as a result of the

20    procedures and processes expressly required by this Stipulation (the "Settlement Administration

21    Costs") shall be paid out of the Maximum Settlement Payment.  Under no circumstances will

22    Defendant be required to contribute additional funds, above and in addition to the Maximum

23    Settlement Payment, to cover any unexpected Settlement Administration Costs.  The Settlement

24    Administration Costs shall include:  all costs of administering the Settlement, including, but not

25    limited to, all tax document preparation, custodial fees, and accounting fees incurred by the

26    Claims Administrator; all costs and fees associated with establishing and maintaining a

27    Settlement Fund; all costs and fees associated with preparing, issuing and mailing any and all

28    notices and other correspondence to Class Members; all costs and fees associated with

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case Nos. 4:18-cv-00769-YGR

DB2/ 35210815.2        JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-4889-9FEC-F9´6E8617C04

1   communicating with Class Members, Class Counsel, and Defendants' Counsel; all costs and fees

2   associated with computing, processing, reviewing, and paying the Settlement Payments, and

3   resolving disputed claims; all costs and fees associated with calculating tax withholdings and

4   payroll taxes, making related payment to federal and state tax authorities, and issuing tax forms

5   relating to payments made under the Settlement; all costs and fees associated with preparing any

6   tax returns and any other filings required by any governmental taxing authority or agency; all

7   costs and fees associated with preparing any other notices, reports, or filings to be prepared in the

8   course of administering Settlement Payments; and any other costs and fees incurred and/or

9   charged by the Claims Administrator in connection with the execution of its duties under this

10  Stipulation.

11          6.6.2    The actions of the Claims Administrator shall be governed by the terms of

12  this Stipulation and any Orders from the Court and any agreement by counsel of record for the

13  Parties regarding communications with the Claims Administrator.  Absent any agreement,

14  Defendant and its counsel may communicate with the Claims Administrator without notice and/or

15  copies to opposing counsel.

16          6.6.3    In the event that either Defendant's Counsel or Class Counsel take the

17  position that the Claims Administrator is not acting in accordance with the terms of the

18  Stipulation, such party shall meet and confer first with opposing counsel and/or, if necessary, with

19  the Claims Administrator or the Court to attempt to resolve the issue.

20      6.7    <u>Calculation of Settlement Payments</u>

21          6.7.1    Each Class Member will be entitled to receive a settlement payment (the

22  "Settlement Payment"), which will be paid out of the Maximum Settlement Amount.  The

23  Settlement Payment amount for a Class Member shall be calculated as follows:

24              (a)    <u>Work Shift Calculations</u>:  Defendant will calculate the estimated

25  total number of shifts that each Class Member worked during the applicable Settlement Class

26  Period ("Individual Work Shifts").

27              (b)    The "Class Work Shifts" shall be the sum of the total number of

28  Individual Work Shifts for all Class Members.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

14

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-4883-9FEC-F916E86:7C04

1          (c)     Estimated Individual Settlement Payments:  To determine each

2   Class Member's estimated "Individual Settlement Payment," the Claims Administrator will use

3   the following formula:

4                          (i)     Estimated Individual Settlement Payment = Individual
                                    Work Shifts ÷ Class Work Shifts × Net Settlement Amount.

5                          (ii)    The Individual Settlement Payments will be reduced by any
                                    required legal deductions and withholdings for each
6                                  Participating Class Member.

7          (d)     Non-Reversionary Nature.  This is a non-reversionary settlement,

8   and Class Members shall not be required to submit claim forms in order to receive their

9   Individual Settlement Payment.

10         (e)     Uncashed Checks.  The expiration date for settlement checks shall

11  be 120 days from the date of issuance.  Uncashed settlement checks shall not be re-issued and

12  shall be sent to the State of California Unclaimed Wages Fund, or as otherwise required pursuant

13  to then-applicable law.

14         6.7.2   The Parties recognize that the Settlement Payments to be paid to Class

15  Members reflect settlement of a dispute over claimed wages, interest, penalties, and other alleged

16  damages.  All Settlement Payments to Class Members shall be allocated as follows for tax

17  purposes: 25% to settlement of wage claims, 60% to settlement of claims for penalties, and 15%

18  to settlement of claims for interest.  The portion allocated to wages shall be reported on an IRS

19  Form W-2 and the portions allocated to interest and penalties shall be reported on an IRS Form

20  1099 by the Claims Administrator.  As to those portions of the Settlement Payments reported as

21  non-wage income, the Class Representative and Class Members each agree to indemnify and hold

22  harmless Defendant for any taxes due or owing by them with respect such payments and/or any

23  penalties and interest owed by Defendant for the failure to withhold with respect to such

24  payments.  The Claims Administrator shall make appropriate tax withholdings from the portion of

25  each Settlement Payment designated as unpaid wages, and shall pay the employer portion of the

26  taxes and withholdings with funds separate from the Maximum Settlement Payment (to be

27  furnished by Defendants).  Class Members will be responsible for paying all other taxes due on

28  their Settlement Payments.  Other than as set forth above, the Claims Administrator will not make

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E86:7C04

1  any deductions, withholdings, or additional payments, including without limitation, medical or

2  other insurance payments or premiums, employee 401(k) contributions or matching employer

3  contributions, wage garnishments to the extent permitted by law, or charity withholdings, from or

4  with respect to the payments to Class Members, and entry of the Order of Final Approval by the

5  Court shall be deemed authority not to make any such deductions, withholdings, or additional

6  payments.

7       6.7.3   Neither the Settlement nor any amounts paid under the Settlement will

8  modify any previously credited hours or service under any employee benefit plan, policy, or

9  bonus program sponsored by Defendants.  Such amounts will not form the basis for additional

10  contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored

11  benefit plans, policies, or bonus programs.  The payments made under the terms of this

12  Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary,

13  earnings, wages, or any other form of compensation for the purposes of the Cattlecar's Releasees'

14  benefit plans, policies, or bonus programs.  The Cattlecar Releasees retain the right to modify the

15  language of their benefit plans, policies and bonus programs to effectuate this intent, and to make

16  clear that any amounts paid pursuant to this Settlement are not for "hours worked," "hours paid,"

17  "hours of service," or any similar measuring term as defined by applicable plans, policies and

18  bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that

19  additional contributions or benefits are not required by this Stipulation of Settlement.

20  **6.8**    Releases

21       6.8.1   Upon Final Approval, the Class Representative shall be deemed to have

22  fully, finally, and forever released the Cattlecar Releasees from all Class Representative's

23  Released Claims that exist or accrued through the Final Approval Date.

24       6.8.2   In addition, the Class Representative shall be deemed to have expressly

25  waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits

26  she may otherwise have had relating to the Class Representative's Released Claims pursuant to

27  Section 1542 of the California Civil Code, which provides as follows:

28       *A general release does not extend to claims which the creditor does*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

16

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1      *not know or suspect to exist in his or her favor at the time of*
*executing the release, which if known to him or her must have*
2      *materially affected his or her settlement with the debtor.*

3      6.8.3   Upon Final Approval, all Class Members who have not timely opted

4 out/requested exclusion shall be deemed to have fully, finally, and forever released the Cattlecar

5 Releasees from all of the Released Claims through and including the date on which Opt-Out

6 Requests must be submitted to the Claims Administrator.  Provided, however, that Plaintiff and

7 the Class Members who do not cash their Settlement Check will not be deemed to have released

8 claims under the FLSA.

9      6.8.4   With respect to the Released Claims *only*, and subject to Section 6.8.1.

10 above, each Class Member shall be deemed to have expressly waived and relinquished, to the

11 fullest extent permitted by law, the provisions, rights, and benefits he/she may otherwise have had

12 pursuant to Section 1542 of the California Civil Code, which provides as follows:

13      *A general release does not extend to claims which the creditor does*
*not know or suspect to exist in his or her favor at the time of*
14      *executing the release, which if known to him or her must have*
*materially affected his or her settlement with the debtor.*
15

16      6.8.5   The above releases shall take effect unconditionally upon the Effective

Date.

17 **7.    NOTICE TO CLASS AND PROCEDURE**

18      7.1    <u>Preliminary Approval</u>

19      7.1.1   Class Counsel jointly submit to the Court this Joint Stipulation of

20 Settlement and exhibits thereto for preliminary approval by the Court.  Class Counsel will prepare

21 and file the Preliminary Approval papers for the Court, subject to Defendant's prior review and

22 approval.  The Court's preliminary approval of this Settlement shall be embodied in a Preliminary

23 Approval Order (*see* **Exhibit 2**) certifying the Class for settlement purposes only, preliminarily

24 approving the Settlement and providing for Settlement Documents to be mailed to the Class in the

25 format attached hereto as **Exhibit 1**, and which will also set the date for the final approval

26 hearing.

27

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E6617C04

7.2     <u>Notice</u>

7.2.1   No later than twenty (20) calendar days after the Court issues the Preliminary Approval Order, Defendant shall provide to the Claims Administrator in electronic form, a list of each Class Member, including each person's name, last known address, social security number, and number of Eligible Work Shifts ("Database"). The Database shall be based on Defendant's personnel, payroll, and/or other business records and provided in a format acceptable to the Claims Administrator. Defendant agrees to consult with the Claims Administrator prior to the production date to ensure that the format will be acceptable to the Claims Administrator. The Claims Administrator shall maintain the Database, and all data contained within the Database, as private and confidential and shall not disclose such data to any persons or entities other than counsel for Defendant, unless otherwise required by law. To the extent the Claims Administrator receives inquiries from individual Class Members, the Claims Administrator will apprise the Parties of the fact of the inquiry without disclosing the Class Member's name. The Claims Administrator will attempt to resolve any such inquiry and may involve the Parties' respective counsel to the extent necessary. In the event that the inquiry cannot be resolved adequately by the Claims Administrator and, if necessary, the Parties, the Parties shall meet and confer in good faith regarding whether disclosure of the individual Class Member's name to Class Counsel will assist in resolution of the inquiry. If Class Counsel is contacted by a Class Member regarding his/her data, the Claims Administrator shall identify and disclose that specific Class Member's data upon the request of Class Counsel. Upon production of the Database, Defendant will verify that to the best of its knowledge the database is complete and accurate and provides all of the information required pursuant to this Agreement and any applicable court orders. The information in the Database is being supplied solely for purposes of the administration of the settlement and hence cannot be used by the Claims Administrator for any purpose other than to administer the Settlement. Upon receipt of the Database, the Claims Administrator shall check with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Class Members. The Claims Administrator will update the Database with all new contact information found

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

Case Nos. 4:18-cv-00769-YGR
JOINT STIPULATION OF SETTLEMENT

DB2/ 35210815.2

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F9·6E8617C04

1    pursuant to its obligations in this paragraph.

2        7.2.2    Within thirty (30) calendar days of the Preliminary Approval Date, the

3    Claims Administrator will send via United States first class mail the Notice of Settlement to the

4    Class Members, which shall include details regarding calculation of the Settlement Payment, as

5    calculated under Section 6.7.1, that a Class Member would be eligible to receive. The Notice of

6    Settlement shall advise Class Members of their options, which include: filing an Opt-Out

7    Request, filing an objection to the Settlement, or taking no action.

8        7.2.3    If any Settlement Documents are returned to the Claims Administrator as

9    undeliverable, the Claims Administrator shall run a skip-trace using that Class Member's social

10   security number in an effort to attempt to ascertain the current address of the Class Member. If

11   such an address(es) is ascertained, the Claims Administrator shall re-mail the Settlement

12   Documents within ten (10) calendar days. If alternative addresses are obtained for a Class

13   Member, the Claims Administrator shall send the Notice of Settlement up to three (3) alternative

14   addresses.

15       7.2.4    Class Members, except for the Class Representative, will have sixty (60)

16   calendar days from the date on which the Settlement Documents are mailed within which to opt-

17   out of (i.e., request exclusion from) the Settlement. Class Members who wish to exercise this

18   option must timely submit a signed and dated written request to be excluded from the Settlement

19   to the Claims Administrator ("Opt-Out Request"). The Opt-Out Request must be postmarked on

20   or before sixty (60) calendar days from the date of mailing the Settlement Documents. Class

21   Members who do not timely submit an executed Opt-Out Request shall be deemed part of the

22   Settlement Class and bound by the Settlement, including the release of Settled Claims. Class

23   Members who timely submit an executed Opt-Out Request shall have no further role in the

24   Action, and for all purposes they shall be regarded as if they never were a party to this Action or a

25   Class Member, and thus they shall not be entitled to any payment as a result of this Settlement

26   and shall not be entitled to or permitted to assert any objection whatsoever to the Settlement. The

27   Notice of Settlement shall advise Class Members of their ability to opt-out of the Settlement and

28   of the consequences thereof. Neither the Parties nor any of their counsel will solicit any Class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1   Member to submit an Opt-Out Request.

2        7.2.5   Class Members, except for the Class Representative, will have sixty (60)

3   calendar days from the date of mailing the Settlement Documents within which to file an

4   objection to the Settlement.  Only Class Members who have not filed an Opt-Out Request may

5   object to the Settlement.  To object, a Class Member must file with the Court a written objection

6   and a notice of intention to appear at the Final Approval Hearing, simultaneously serve the

7   Parties' Counsel and the Claims Administrator with the written objection as set forth in the Notice

8   of Settlement, and appear at the Final Approval Hearing.  The Parties and their counsel agree that

9   they will not solicit, encourage, counsel or advise any individual to object to the Settlement.

10        7.2.6   A Class Member may challenge his or her Settlement Payment solely by

11   submitting in writing the number of Eligible Work Shifts he or she contends to have worked for

12   Defendant during the Class Period, and submitting any accompanying supporting documentation

13   or other evidence, to the Claims Administrator.  The number of Eligible Work Shifts determined

14   by Defendant shall be rebuttably presumed to be correct and Defendant's records shall be

15   rebuttably presumed correct for purposes of determining whether a claimant is a Class Member.

16   If the Class Member does not provide any documents or other evidence, the challenge may be

17   rejected by the Claims Administrator.  All other challenges will be resolved at the exclusive

18   discretion and authority of the Claims Administrator after seeking input from counsel for the

19   Parties.  The Claims Administrator's decision shall be binding and non-appealable by Plaintiff,

20   Defendant, or the Class Member.  Defendant will promptly provide any information or documents

21   reasonably requested by the Claims Administrator to make its determination.

22        7.2.7   Beginning fourteen (14) calendar days after the date on which the

23   Settlement Documents are mailed, the Claims Administrator shall provide to Class Counsel and

24   counsel for Defendant a weekly status report that will be cumulative, reflecting the number of

25   Class Members who have filed each of the following: Settlement Documents returned as

26   undeliverable, objections, and Opt-Out Requests.

27        7.2.8   If three percent (3%) or more of the total number of Class Members submit

28   timely and valid Opt-Out Requests, then Defendant shall have the option, in its sole and exclusive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

20

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E861:7C04

1    discretion, to void the Settlement.  To exercise this option, Defendant must send written

2    notification to Class Counsel within ten (10) calendar days of receiving the first status report from

3    the Claims Administrator after the passing of the Claims Period Deadline.  If Defendant chooses

4    to exercise this option, the effect will be precisely the same as if Final Approval did not occur, as

5    discussed herein.  In addition, if Defendant chooses to exercise this option, then Defendant will

6    pay for the outstanding administration costs, if any, incurred by the Claims Administrator through

7    the date on which Defendant exercises its option to void the Settlement.

8        7.3    <u>Final Approval</u>

9            7.3.1   Prior to the Final Approval Hearing, Plaintiff will move the Court for entry

10   of the Order of Final Approval (and associated entry of Judgment): (a) certifying the Class for

11   Settlement purposes only, (b) finding the Settlement fair, reasonable, adequate, and in the best

12   interests of the Class Members, (c) approving Class Counsel's application for an award of

13   attorneys' fees and costs, (d) approving Class Representative's application for Service Payment,

14   (e) approving the payment of reasonable Settlement Administration Costs, and (f) dismissing the

15   Action with prejudice and releasing and barring any further Released Claims by Class Members

16   who do not opt out of the Settlement.  The Parties and their respective counsel shall make all

17   reasonable efforts to secure entry of the Order of Final Approval.  The proposed Order of Final

18   Approval (and the associated proposed Judgment) shall be filed with the Court with the motion

19   for Final Approval, or as otherwise directed by the Court.

20           7.3.2   Prior to the Final Approval Hearing, and at least one (1) week prior to the

21   Opt Out deadline, Class Counsel shall file a motion seeking approval of attorneys' fees and costs

22   and the proposed Service Payment to the Class Representative as set forth in the Stipulation.

23   Class Representative and Class Counsel agree that they shall be responsible for justifying the

24   amount of the Service Payment and attorneys' fees and costs to the Court, and they agree to

25   submit, as appropriate, the necessary materials to justify these payments.  Defendant will not

26   oppose the amount of the Service Payment and attorneys' fees and costs sought, as long as they

27   are consistent with the Stipulation.  If the Court (or any appellate court) awards less than the

28   amount requested for attorneys' fees and/or costs, or less than the amount requested for the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

21

Case Nos. 4:18-cv-00769-YGR

JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C436-13D4-488B-9FEC-F916E8617C04

1   Service Payment for the Class Representative as set forth herein, only the awarded amounts shall

2   be paid and shall constitute satisfaction of the obligations of Defendant under this Stipulation.

3   Any unawarded attorneys' fees and/or costs shall be paid back into the Net Settlement Pool for

4   distribution to Class Members.

5          7.3.3   Defendant shall have the sole right to void and withdraw from this

6   Agreement if at any time prior to the Final Approval Date: (a) three percent (3%) or more of

7   Class Members opt out of the Settlement; or (b) the Settlement is construed in such a fashion that

8   Defendant would be required to pay more than the Maximum Payment Amount, plus Defendant's

9   share of employer payroll taxes; or (c) the Court does not certify the settlement class, or does not

10   certify a class releasing the claims set forth in this Stipulation, or otherwise makes an order

11   inconsistent with any of the material terms of this Stipulation or the settlement documents

12   prepared to effectuate the Settlement; or (d) any pending litigation or litigation filed prior to final

13   approval of the Settlement results in a final judgment that in any way prevents this Settlement

14   from resolving all claims covered by this Settlement, or (e) Plaintiff or her counsel materially

15   breaches this Agreement.

16          7.3.4   If an appeal results in an order materially modifying, setting aside, or

17   vacating any portion of the Stipulation, with the exception of any modification of the amount of

18   attorneys' fees or costs to be paid to Class Counsel, or the amount of the Service Payment paid to

19   the Class Representative, each party adversely impacted by the order shall have the absolute right,

20   at its sole discretion, to treat such order as an event permanently preventing Final Approval.  To

21   exercise this right, the party must inform the other party and the Claims Administrator, in writing,

22   of the exercise of this right, within ten (10) calendar days of receiving notice of any order

23   modifying, setting aside, or vacating any portion of the Stipulation.  Before either Party elects to

24   exercise its right to treat such order as an event permanently preventing Final Approval, that Party

25   must meet and confer in good faith with the other Party to determine if an agreement can be

26   reached modifying this Settlement to the mutual satisfaction of the Parties.

27          7.3.5   If the Final Approval or Final Judgment does not occur, or if this

28   Stipulation is terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. 4:18-cv-00769-YGR

DB2/ 35210815.2

JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1   deemed to have reverted to their respective status as of the date and time immediately prior to the

2   execution of this Stipulation.  In such an event, if the Stipulation is not approved by the Court

3   substantially in the form agreed to by the Parties, or if the Settlement set forth in the Stipulation is

4   terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or

5   if the Judgment does not become a Final Judgment, or if the Final Approval Date does not occur,

6   this Stipulation (except for those provisions relating to non-admission, denial of liability set forth

7   herein, and the confidentiality agreements entered into by the Parties) shall be deemed null and

8   void, its terms and provisions shall have no further force and effect with respect to the Settling

9   Parties and shall not be used in this Action or in any other proceeding for any purpose, and any

10   Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

11   treated as vacated, *nunc pro tunc*.  Notwithstanding any other provision of this Stipulation, no

12   order of the Court, or modification or reversal on appeal of any order of the Court, reducing the

13   amount of any attorneys' fees or costs to be paid by Defendant to Class Counsel, or reducing the

14   amount of any Service Payment paid to the Class Representative, shall constitute grounds for

15   cancellation or termination of the Stipulation, or grounds for limiting any other provision of the

16   Judgment.

17        7.4   Funding and Distribution of the Settlement Proceeds

18           7.4.1   Within fifteen (15) calendar days after the Effective Date, Defendant shall

19   pay into the Settlement Fund set up, held, and controlled by the Claims Administrator the

20   amounts necessary to fund the Settlement and make the payments required by this Agreement.  In

21   the event of any appeal of attorneys' fees, costs, or the Final Judgment, the Claims Administrator

22   shall ensure that the monies in the Settlement Fund are in an interest bearing account.  Any

23   settlement, attorneys' fees, or costs payments made thereafter to Class Members or Class Counsel

24   will include the pro-rated interest earned from the date of the notice of appeal until 30 days prior

25   to the settlement payment.

26           7.4.2   Within thirty (30) calendar days of the Effective Date, the Claims

27   Administrator shall issue Settlement Payments to Class Members in the form of a check.

28           7.4.3   After one hundred eighty (180) calendar days of issuance, funds from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23                      Case Nos. 4:18-cv-00769-YGR

DB2/ 35210815.2          JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1   undeposited checks will be held by the Claims Administrator; if the Class Member to whom the

2   undeposited check is issued does not contact Class Counsel or the Claims Administrator

3   concerning his or her settlement payment within one-hundred eighty (180) calendar days of

4   issuance, the Stipulation of Settlement, including its release of claims, will be binding on that

5   Class Member (except with respect to FLSA claims), and the amount of that Class Member's

6   settlement payment shall be transmitted to the Controller of the State of California, to be held and

7   disposed of by the Controller in accordance with California's Unclaimed Property Law.

8           7.4.4   Within thirty (30) calendar days of the Effective Date, the Claims

9   Administrator shall pay the Court-approved Attorneys' Fees and Costs to Class Counsel or a trust

10   account designated by Class Counsel.  Class Counsel shall provide to the Claims Administrator,

11   with a copy to Defendant, the pertinent taxpayer identification number and IRS Form W-9 within

12   ten (10) calendar days after the Final Approval Date.

13           7.4.5   Within thirty (30) calendar days of the Effective Date, the Claims

14   Administrator shall send a check by mail for the Court-approved Service Payment to the Class

15   Representative.

16           7.4.6   Within thirty (30) calendar days of the Effective Date, the Claims

17   Administrator shall send a check by mail to the California Labor Workforce Development

18   Agency for the State of California's share of the PAGA penalty payment and referencing the fact

19   of this Settlement.

20           7.4.7   Upon the Final Approval Date, the Released Claims in the Action will be

21   dismissed with prejudice on a class-wide basis.

22   **8.**   **MISCELLANEOUS PROVISIONS**

23           8.1   Neither the acceptance nor the performance by Defendant of the terms of this

24   Stipulation, nor any of the related negotiations or proceedings, is or shall be claimed to be,

25   construed as, or deemed to be, an admission by Defendant of the truth of any of the allegations in

26   the Complaint, the representative character of the Action, the validity of any of the claims that

27   were or could have been asserted by Plaintiff and/or Class Members in the Action, or of any

28   liability or guilt of Defendant in the Action.  Nothing in this Stipulation shall be construed to be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. 4:18-cv-00769-YGR

DB2/ 35210815.2

JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F9`6E86`7C04

1    or deemed an admission by Defendant of any liability, culpability, negligence, or wrongdoing

2    toward Plaintiff, the Class Members, or any other person, and Defendant specifically disclaims

3    any liability, culpability, negligence, or wrongdoing toward Plaintiff, the Class Members, and any

4    other person. Each of the Parties has entered into this Stipulation with the intention to avoid

5    further disputes and litigation with the attendant inconvenience, expenses, and contingencies.

6         8.2     The Parties agree to cooperate fully with one another to accomplish and implement

7    the terms of this Settlement. Such cooperation shall include, but not be limited to, execution of

8    such other documents and the taking of such other action as may reasonably be necessary to

9    fulfill the terms of this Settlement. The Parties to this Settlement shall exercise reasonable

10    efforts, including all efforts contemplated by this Settlement and any other efforts that may

11    become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set

12    forth herein.

13         8.3     Unless otherwise specifically provided herein, all notices, demands, or other

14    communications given hereunder shall be in writing and shall be deemed to have been duly given

15    as of the third business day after mailing by United States certified mail, return receipt requested,

16    addressed as follows:

17         To the Class Counsel:

18         Roman Otkupman
            Otkupman Law Firm
19         28632 Roadside Drive, Suite 203
            Agoura Hills, CA 91301
20

21         To Defendants:

22         Eric Meckley
            Morgan, Lewis & Bockius LLP
            One Market, Spear Street Tower
23         San Francisco, California 94105

24         8.4     The Parties hereto agree that the terms and conditions of this Stipulation of

25    Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties and

26    that this Stipulation shall not be construed in favor of or against any party by reason of the extent

27    to which any party or its counsel participated in the drafting of this Stipulation.

28         8.5     Plaintiff, Class Counsel and all attorneys associated with Class Counsel agree that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35210815.2

25

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1  they will not issue any press releases, initiate any contact with the press, respond to any press

2  inquiry, or have any communication with the press about the fact, amount or terms of the

3  Settlement. In addition, the Parties and their counsel agree that they will not engage in any

4  advertising or distribute any marketing materials relating to the Settlement of this case, including

5  but not limited to any postings on any websites maintained or created by Class Counsel (with the

6  sole exception being that Class Counsel may include on their website a generic reference to the

7  settlement that does not refer to the Plaintiffs or Defendant by name, does not include the court or

8  case number, and does not include any other information that would allow the identification of

9  the case or settlement -- acceptable language would include, for example, "Non-exempt retail

10  store employees v. national retailer"). This provision does not preclude Class Counsel from

11  referencing the settlement in any declaration submitted in support of class certification in another

12  matter or pursuant to court order. Any communication about the Settlement to Class Members

13  will be limited to a statement that a settlement has been reached and the details will be

14  communicated in a forthcoming Court-approved notice.

15        8.6    The Parties shall refrain from making any disparaging oral or written statements

16  concerning any of the other Parties. The Parties shall also refrain from taking any action, directly

17  or indirectly, which they know or reasonably should know to be disparaging concerning any other

18  Party. The Parties' promises in this subparagraph include any statements made to the media. The

19  Parties' promises in this subsection, however, shall not apply to any judicial or administrative

20  proceeding in which the Party is a party or has been subpoenaed to testify under oath by a

21  government agency or by any third party.

22        8.7    The Class Representative, by signing this Stipulation, is bound by the terms herein

23  and further agrees not to request to be excluded from the Settlement and not to object to any

24  terms of this Stipulation. Any such request for exclusion or objection shall therefore be void and

25  of no force or effect. Defendant, Class Counsel, and the Class Representative waive their rights

26  to file an appeal, writ, or any challenge whatsoever to the terms of this Stipulation, except

27  (1) either Party may appeal in the event an objector's objection is upheld by the trial court; and

28  (2) Plaintiff and her counsel have the right to appeal any order denying, in whole or in part, her

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26                Case Nos. 4:18-cv-00769-YGR

DB2/ 35210815.2      JOINT STIPULATION OF SETTLEMENT

DocuSign Envelope ID: F399C438-13D4-488B-9FEC-F916E8617C04

1   application for the award of attorney's fees and costs and/or Plaintiff's Service Payment.

2       8.8     Neither Class Counsel nor any other attorneys acting for, or purporting to act for,

3   the Class, Class Members, or Plaintiff, may recover or seek to recover any amounts for fees,

4   costs, or disbursements from the Defendant or the Cattlecar Releasees except as expressly

5   provided herein.

6       8.9     This Stipulation may not be changed, altered, or modified, except in writing signed

7   by the Parties hereto and approved by the Court. This Stipulation may not be discharged except

8   by performance in accordance with its terms or by a writing used by the Parties hereto.

9       8.10    This Stipulation shall be binding upon and inure to the benefit of the Parties hereto

10  and their respective heirs, trustees, executors, administrators, successors, and assigns.

11      8.11    Because the proposed Class has not yet been certified, and the members of the

12  proposed Class are so numerous, the Parties agree that it is impossible or impractical to have each

13  Class Member sign this Stipulation. It is agreed therefore, that for purposes of seeking approval

14  of the Class Settlement, this Stipulation of Settlement may be executed on behalf of the proposed

15  Class by Class Counsel and the Class Representative.

16      8.12    This Stipulation shall become effective upon its execution by all of the

17  undersigned. The Settling Parties may execute this Stipulation in counterparts, and execution of

18  counterparts shall have the same force and effect as if all Settling Parties had signed the same

19  instrument.

20      8.13    The Court shall retain jurisdiction with respect to the implementation and

21  enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the

22  Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

23  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

24      8.14    Paragraph titles or captions contained in the Stipulation are inserted as a matter of

25  convenience and for reference, and in no way define, limit, extend, or describe the scope of this

26  Stipulation, or any provision thereof.

27      IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and

28  their duly authorized attorneys, as of the day and year herein set forth.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DocuSign Envelope ID: F399C438-13D4-488S-9FEC-F916E8617C04

11/21/2018

Dated: November ___, 2018

PLAINTIFF

By _____
        Erica Martin

Dated: November _11_, 2018

OTKUPMAN LAW FIRM

By _____
        Roman Otkupman
        Nidah Farishta
        Meghan Maertz

Attorneys for Plaintiff
ERICA MARTIN

Dated: November ___, 2018

CATTLECAR OF DELAWARE, INC.

By _____

Dated: December 7, 2018

MORGAN, LEWIS & BOCKIUS LLP

By _____
        Eric Meckley

Attorneys for Defendant
CATTLECAR OF DELAWARE, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

JOINT STIPULATION OF SETTLEMENT

Case Nos. 4:18-cv-00769-YGR